Per Curiam.

Defendant bound itself to pay royalties on 50,000 devices for the year in question. The agreement fails to state at what price the devices are to be sold, thus providing no basis for computing the 5% royalties plaintiff is entitled to under the contract. Whatever might be said about the infirmity of the agreement at its inception because no billing price was fixed or method of fixing it prescribed, this defect is overcome by the operations under the agreement. Defendant commenced production and sold a small quantity of them and established its net billing price of 45 cents per unit, presumably on the basis of cost and a reasonable profit. That became the net billing price within the fair meaning of the contract and furnished a reasonable basis upon which damages may be computed. Defendant should not be permitted to escape its liability merely because the device was not a market success or because the damages are uncertain or ascertainment is difficult. (Wakeman v. Wheeler & Wilson Mfg. Co., 101 N. Y. 205.)
The judgment should be reversed, with $30 costs, and judgment directed in favor of plaintiff for the sum of $666.66, with costs.
Hofstadter, Hecht and Aurelio, JJ., concur.
Judgment reversed, etc.